UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BRYAN BONHAM,<br><br>　　　　　　　　Plaintiff,<br><br>　v.<br><br>NEVADA DEPARTMENT OF CORRECTIONS, et al.,<br><br>　　　　　　　　Defendants. | Case No. 2:21-cv-01509-RFB-VCF<br><br>**ORDER** |

　　　　Before the Court is Plaintiff Bryan Bonham ("Plaintiff")'s Motion for Preliminary Injunction (ECF No. 3). For the reasons stated below, the Court DENIES Plaintiff's Motion and DISMISSES this case.

### I.　　BACKGROUND

　　　　Plaintiff filed a Complaint in the Eighth Judicial District Court, Clark County on January 7, 2021, alleging that Defendants the Nevada Department of Corrections, et al., have violated his Eighth and Fourteenth Amendment rights by exhibiting deliberate indifference to his back pain and failing to prescribe a proper and sufficient dosage of pain medication to mitigate his symptoms. See Bonham v. Nevada, A-21-827523-C (Nev. Dist. Ct. 2021). Defendant has apparently had difficulty scheduling with the Eighth Judicial District Court and is allegedly having difficulty ensuring that the High Desert State Prison Law Library is issuing summons in order to effectuate service to Defendants. Plaintiff filed a motion/application to proceed *in forma pauperis* along with a Complaint in this court on August 12, 2021. (ECF No. 1). By his own admission in the motion

for preliminary injunction, Plaintiff's underlying complaint alleges same violations as the complaint in the state case. Plaintiff then filed a Motion for Preliminary Injunction and Protective Order on October 20, 2021 (ECF No. 3). Plaintiff's Preliminary Injunction asks this court to take jurisdiction of the state court case in order to resolve the scheduling and service issues.

## II.   LEGAL STANDARD

Injunctive relief, whether temporary or permanent, is an "extraordinary remedy, never awarded as of right." *Winter v. Natural Res. Defense Council*, 555 U.S. 7, 24 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Am. Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting *Winter*, 555 U.S. at 20). Furthermore, under the Prison Litigation Reform Act ("PLRA"), preliminary injunctive relief must be "narrowly drawn," must "extend no further than necessary to correct the harm," and must be "the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

## III.   DISCUSSION

Plaintiff's allegations in the motion for preliminary injunction are plainly not a basis for injunctive relief. Primarily, Plaintiff has not shown that he is likely to suffer irreparable harm absent injunctive relief. This is particularly evident as, according to state court records, the Plaintiff continues to actively prosecute the case, filing an order to show cause as recently as October 8, 2021. A hearing on this motion and others is scheduled for November 9, 2021. This indicates that Plaintiff may obtain the relief he is seeking through prosecution of his state court case. Further, the court is not aware of any precedent that would allow a federal district court to take jurisdiction from a state court in the middle of that case's adjudication.

Additionally, while the Plaintiff here certainly could have brought this case in federal court originally, principles of federalism, comity, and abstention dictate that the Court not exercise concurrent jurisdiction with an ongoing state proceeding where the claims are identical. Generally, jurisdiction of one court does not defeat jurisdiction of another. See Sprint Communications, Inc.

v. Jacobs, 134 St. Ct. 584, 591 (2013) ("Jurisdiction existing, this Court has cautioned, a federal court's obligation to hear and decided a case is virtually unflagging. Parallel state-court proceedings do not detract from that obligation.") However, in exceptional circumstances, it is permissible for a Court to abstain from exercising jurisdiction to avoid duplicative litigation. See Moses H. Cone Memorial Hospital v. Mercury Construction Co., 460 U.S. 1 (1983). In Colorado River Water Conservation District v. United States, 424 U.S. 800 (1976) the Court enunciated four factors to examine to determine whether they outweigh the duty to exercise jurisdiction: (1) which court first assumed jurisdiction over any property at stake, (2) the relative inconvenience of the federal forum, (3) the need to avoid piecemeal litigation, and (4) the order in which the state and federal proceedings were filed. The factors are "to be applied in a pragmatic, flexible manner with a view to the realities of the case at hand." Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 21 (1983). Courts are permitted to raise and consider the doctrine of abstention *sua sponte*. See H.C. v. Koppel, 203 F.3d 610, 613 (9th Cir. 2000).

The Ninth Circuit has found that "piecemeal litigation occurs when different tribunals consider the same issue, thereby duplicating efforts and possibly reaching different results. For this factor to favor a stay or dismissal, the case must raise a special concern about piecemeal litigation, which can be remedied by staying or dismissing the federal proceeding, and which the court could [not] have avoided by other means." Montanore Mins. Corp. v. Bakie, 867 F.3d 1160, 1167 (9th Cir. 2017), as amended on denial of reh'g and reh'g en banc (Oct. 18, 2017) (internal citations omitted). Here, Plaintiff has initiated repetitive litigation: he asks this court to assume jurisdiction over the same causes of action and facts (and the same defendants) as he has previously asked of the state court. This creates significant risk of potentially conflicting rulings and therefore of piecemeal litigation. There is a special concern about piecemeal litigation here because the two cases appear to be entirely duplicative and therefore it is likely the same law will apply. If the state court and this court were to come out differently on the law, this would create a direct conflict between the two rulings, which would then be subject to different appeals processes.

The Ninth Circuit has also indicated that courts should consider the order in which jurisdiction was obtained "not only to determine whether the state or the federal complaint was

filed first, but also to assess how much progress has been made in the two actions." Am. Int'l Underwriters (Philippines), Inc. v. Cont'l Ins. Co., 843 F.2d 1253, 1257 (9th Cir. 1988). While the state court litigation has not progressed to an especially advanced stage, it is unequivocal that the state court suit was filed before the federal one. Only after becoming frustrated with the procedures of state court and the operation of his prison facility did the Plaintiff come to federal court.

There is no issue of apparent inconvenience here and the factor related to taking jurisdiction over property does not apply. See Montanore Mins. Corp., 867 F.3d at 1166 ("Some factors may not apply in some cases….").

This analysis weighs heavily in favor of dismissal, given the risk of conflicting rulings in entirely duplicative litigation that would not promote "wise judicial administration." Colorado River, 414 U.S. at 817-18. As a result, this case is dismissed.

### IV.   CONCLUSION

**IT IS THEREFORE ORDERED** that the Motion for Preliminary Injunction (ECF No. 3) is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice. The Clerk of the Court is instructed to close this case.

**IT IS FURTHER ORDERED** that the Plaintiff may move to reopen this case and vacate the judgment by filing a motion for reconsideration of this order. In this motion, the Plaintiff is required to explain what circumstances recommend in favor of concurrent jurisdiction in this case, such as claims whose resolution in state court would be prejudicial to the Plaintiff if dealt with in state court. If the Court finds there to be good cause or a reasonable explanation therein, the Court will reopen the case and vacate the judgment.

DATED this 22th day of August, 2022.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**